FILED

August 30, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 9:25 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

William Tomlinson,
        Employee,

v.

Onin Staffing, LLC,
        Employer,

And

Zurich Ins. Co.,
        Carrier.

Docket No.: 2015-05-0315

State File No.: 25124-2016

Judge Robert Durham

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS
## (REVIEW OF THE FILE)

---

This cause came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by the employee, William Tomlinson, pursuant to Tennessee Code Annotated section 50-6-239 (2015) to determine if the employer, Onin Staffing, LLC (Onin), is obligated to provide workers' compensation benefits. Pursuant to Rule 0800-02-21-.02(13) (2015) of the Tennessee Compilation Rules and Regulations, Mr. Tomlinson requested the Court issue a ruling based on a review of the file without an evidentiary hearing. On August 19, 2016, the Court sent a Docketing Notice to the parties regarding the contents of the record before it. (T.R. 4.) Neither party raised any objection to the documents contained in the record or offered any additional evidence. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes it needs no further information to render judgment.

The dispositive issue is whether Mr. Tomlinson's right shoulder complaints arise primarily out of and in the course and scope of an injury incurred on September 9, 2015, while employed with Onin. A secondary issue is whether Mr. Tomlinson provided sufficient notice of his alleged injury in accordance with Tennessee Code Annotated section 50-6-201 (2015). The Court holds the evidence submitted by Mr. Tomlinson is

1

sufficient to establish he is likely to prevail at a hearing on the merits regarding the compensability of his alleged injury and that he provided statutory notice, thus requiring Onin to provide workers' compensation benefits.[1]

## History of Claim

On February 5, 2015, shortly after beginning his employment with Onin Staffing, Mr. Tomlinson suffered a right-shoulder injury while on assignment at Tachi-S manufacturing company. (Ex. 1.) Onin accepted the injury as compensable and eventually authorized Dr. Michael Jordan to provide care. (Ex. 2 at 1.)[2] Dr. Jordan diagnosed Mr. Tomlinson with a SLAP tear and a labral cyst. *Id.* He performed arthroscopic surgery involving a superior labral repair and superior subacromial decompression. On September 9, 2015, Dr. Jordan noted Mr. Tomlinson exhibited significant improvement with only a slight loss of internal rotation. He released Mr. Tomlinson to return to work with no restrictions. *Id.*

Mr. Tomlinson returned to full duty for Onin on September 9, 2015. (Ex. 3.) According to his affidavit, an impact from a car seat coming down the assembly line reinjured his right shoulder. *Id.* Mr. Tomlinson testified he immediately notified the night manager for Tachi-S, Shanette Todd, and completed a Tachi-S Safety Incident Form. (Ex. 3.) The record contains the form completed by Mr. Tomlinson dated September 10, 2015, and a section completed and signed by Ms. Todd on September 14, 2015. (Ex. 4.)

Mr. Tomlinson asserted he tried working with his injured shoulder, and Ms. Todd and his line leader worked with him to restrict his activities in the hope that his shoulder pain would resolve. (Ex. 3.) However, his shoulder failed to get better, so he asked Onin to make an appointment for him with Dr. Jordan. *Id.* Due to the holidays, the earliest Dr. Jordan could see Mr. Tomlinson was January 4, 2016. *Id.*

On January 4, Dr. Jordon noted Mr. Tomlinson complained of an acute right shoulder strain that occurred on September 9, 2015 when a seat he was working on fell abruptly. (Ex. 2 at 4.) On examination, Dr. Jordan noted Mr. Tomlinson complained of pain in a different area than before, now being located more "on top and more in the back of the shoulder." *Id.* He further noted painful range of motion and pain on provocation in the shoulder. Based on his findings and Mr. Tomlinson's history, Dr. Jordan opined Mr. Tomlinson sustained a new work-related injury on September 9, 2015, and ordered an MRI of his right shoulder. (Ex. 2 at 5.)

Onin denied the claim based on lack of timely notice, and Mr. Tomlinson filed a

---

[1] Additional information regarding the technical record and exhibits is attached to this Order as an Appendix.
[2] The parties did not provide all of the medical records regarding Mr. Tomlinson's treatment for the February 5, 2015 injury.

Petition for Benefit Determination. The matter did not resolve through mediation, and the Mediator filed a Dispute Certification Notice. The DCN notes the parties agreed to a compensation rate of $227.47 per week. (T.R. 2.)

## Findings of Fact and Conclusions of Law

The Court must interpret Workers' Compensation Law fairly, impartially, and by basic principles of statutory construction, favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015). Mr. Tomlinson has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

Mr. Tomlinson need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, Mr. Tomlinson has the burden to come forward with sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits. *Id.*; *see also* Tenn. Code Ann. § 50-6-239(d)(1) (2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.,* No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

In order to prevail, Mr. Tomlinson must establish he suffered an accidental injury that was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2015). In support of his claim, Mr. Tomlinson provided undisputed evidence that, while working at Tachi-S for Onin on September 9, 2015, he attempted to catch a seat that suddenly dropped down the assembly line, and the impact caused pain in his right shoulder. (Ex. 3.) In further support, he offered Dr. Jordan's undisputed medical record, which clearly opines that, based on Mr. Tomlinson's history, he sustained a new work-related injury to his right shoulder on September 9, 2015. (Ex. 2 at 5.) Given these facts, the Court holds Mr. Tomlinson has provided sufficient evidence to establish he is likely to prevail at a hearing on the merits on the issue of causation.

Onin also denied Mr. Tomlinson's claim on the grounds that he failed to provide notice as required by Tennessee Code Annotated section 50-6-201(a)(1) (2015). The statute provides that an employee must provide written notice within thirty days of

3

sustaining an injury unless the employer has "actual notice." Tenn. Code Ann. § 50-6-201(a)(1).

In this instance, while Onin, a staffing agency, hired and paid Mr. Tomlinson, he worked at Tachi-S and his manager there, Shanette Todd, as well as his line leader were employees of Tachi-S. It is undisputed that Mr. Tomlinson reported his injury to Ms. Todd on the day it occurred, providing her with "actual notice" of his injury. Thus, the issue is whether notice to Ms. Todd, an employee of Tachi-S, constituted sufficient notice to satisfy the statutory requirements for Mr. Tomlinson's claim against Onin, a temporary services agency providing Mr. Tomlinson's services to Tachi-S.

The Supreme Court was faced with a similar question in *Bogus v. Manpower Temporary Services*, 823 S.W.2d 544, 547 (Tenn. 1992).[3] In *Bogus*, Manpower, a temporary services agency, hired and paid Ms. Bogus, but she worked at TVA. *Id.* While Manpower hired Ms. Bogus and she received a check from it, her supervisor for her day-to-day activities was a TVA employee. *Id.* Upon being injured, Ms. Bogus notified her direct supervisor, the TVA employee, but failed to directly notify anyone at Manpower. *Id.* at 545.

The Supreme Court found, that under these circumstances, TVA was a "co-employer" of Ms. Bogus at the time of her alleged injury. *Id.* at 547, (citing *Bennett v. Mid-South Terminals Corp.*, 660 S.W.2d 799 (Tenn. Ct. App. 1983)). Since the supervisor was an "agent or representative of the employer . . . with actual or apparent authority to receive notice on behalf of the employer," the Supreme Court held Ms. Bogus provided sufficient actual notice to satisfy Tennessee Code Annotated section 50-6-201(a)(1). *Id.*

The Court finds the same to be true in this instance. While Onin hired and paid Mr. Tomlinson, he worked at Tachi-S and his day-to-day activities were subject to the direct supervision of Tachi-S employees. As a result, the Court finds Tachi-S was Mr. Tomlinson's co-employer at the time of his alleged injury on September 9, 2015. *See Bogus,* at *547. It is undisputed that Mr. Tomlinson provided actual notice to Tachi-S through his night manager, Shanette Todd, on the date of the alleged injury. (Ex. 3.) The Court further finds Ms. Todd had "actual or apparent authority" to accept notice on behalf of Tachi-S. As a result, the Court holds that by providing actual notice to his co-employer, Mr. Tomlinson satisfied the notice required by Tennessee Code Annotated Section 50-6-201(a)(1) (2015).

---

[3] Case law pre-dating the July 1, 2014 Reform Act is not only persuasive, but also controlling, when the prior decision is based solely, or in pertinent part, on a previous version of the law which remains unchanged by the 2013 Reform Act. Therefore, in cases where the Supreme Court has addressed a causation issue not based on the remedial nature or liberal construction of the prior Act, this Court is bound by the Supreme Court's analysis. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *7 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

4

Therefore, the Court holds Mr. Tomlinson has provided sufficient evidence to establish he is likely to prove at a hearing on the merits that Onin is obligated to provide reasonable and necessary medical care in accordance with Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015) for the injury he allegedly sustained on September 9, 2015. Given that Dr. Jordan's opinion supports a finding that Mr. Tomlinson sustained a new injury, separate from his previous work-related shoulder injury, Onin is obligated to provide a panel of shoulder specialists from which Mr. Tomlinson may choose an authorized physician in accordance with Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2015). Any issues regarding temporary disability benefits are deferred until Mr. Tomlinson is evaluated by an authorized physician.

IT IS, THEREFORE, ORDERED that:

1. Onin shall provide a panel of shoulder specialists from which Mr. Tomlinson may choose an authorized physician in accordance with Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2015).

2. Any issues regarding temporary disability benefits are deferred until Mr. Tomlinson is evaluated by an authorized physician.

3. This matter is set for Initial Hearing on October 11, 2016, at 9:30 a.m. C.S.T.

**ENTERED THIS THE 30th DAY OF AUGUST, 2016.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

**Initial Hearing:**

An Initial Hearing has been set with Judge Robert Durham, Court of Workers' Compensation Claims. You must call 615-253-0010 or toll-free at 855-689-9049 to participate in the Initial Hearing.

Please Note: **You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

<u>Exhibits:</u>

1. First Report of Injury
2. Medical records of Michael Jordan, M.D.
3. Affidavit of William Tomlinson
4. Tachi-S Safety Incident Form
5. Wage Statements

<u>Technical Record:</u>

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Onin's Position Statement
5. Docketing Notice

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Benefits was sent to the following recipients by the following methods of service on this the 30th day of August, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Sonya Henderson | | | X | sonya@atennesseelawyer.com |
| David Weatherman | | | X | David.weatherman@zurichna.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

8